Hurlbut, J.,
specially concurring:
I agree with the court in reversal of the judgment, and with its reasoning generally, except that part which holds that the statute quoted, sec. 6579, Revised Statutes, 1908, is applicable in this case to appellee.
The record shows that when appellee first went to work on the building it was in the capacity only of superintending the construction work of the same, and that is the only kind of service he claims to have rendered to the city. I think this character of service is necessarily one requiring skill, experience and special knowledge, and brings the one performing it within the category of engineers, architects, surveyors, attorneys, etc. I am convinced that the legislature, in passing the statute, did *480 not contemplate as coming within its provisions, as to competitive bidding after advertisement, any person employed by the city to render services calling for special skill, knowledge or experience.
New York, Texas and Virginia, have, on this subject statutes somewhat similar to our own. The appellate courts of New York and Texas, and the federal court of Virginia, have all held that the statute does not apply to engineers, superintendents, etc. I fail to find where an appellate court of any' state has directly passed upon and construed a statute similar to our own, contrary to the cases mentioned: City of Newport News v. Potter, 122 Fed., 321, 58 C. C. A., 483; City of Houston v. Glover, 40 Tex. Civ. App., 177, 89 S. W.,. 425; City of Houston v. Potter, 41 Tex. Civ. App., 381, 91 S. W., 389; Horgan & Slattery v. City of New York, 114 App. Div. 555, 100 N. Y. Supp., 68.